LINUS P. MARSDEN, APPELLANT, v. THOMAS CORNELL AND ANOTHER, RESPONDENTS.

*Canal boat — mortgage on — refiling of — must be accompanied by statement of mortgagee's interest.*

The plaintiff, the owner of a chattel mortgage on a canal boat, filed the same in the office of the auditor of the canal department, on the 14th of September, 1870. On the 20th of September, 1871, a copy thereof was filed in said office, but without a statement exhibiting his interest in the mortgaged property, as required by chapter 412, Laws of 1864. On the 14th of September, 1872, another copy, together with the requisite statement, was filed. The defendants purchased the boat, on or prior to August 14, 1872, in good faith, and without notice. *Held*, that the failure to file the statement with the copy of the mortgage in 1871, rendered the same invalid as against the defendants.

*Swift* v. *Hart* (12 Barb., 531) doubted.

One purchasing with notice of the existence of the mortgage, but without notice of the amount due thereon, is still a *bona fide* purchaser.

APPEAL from a judgment in favor of the defendants, entered upon a trial at the circuit.

---

* See 1 Pars. N. & B., ch. 7, § 2.      † Campbell v. Tate, 7 Lans., 370.

This action was brought to obtain possession of a canal boat, in which the plaintiff claimed a special property by virtue of a chattel mortgage, bearing date September 5, 1870, executed to him by one Carvey, to secure a part of the price of building the boat. A copy of the mortgage was filed in the office of the canal auditor, at Albany, September 22, 1870. Subsequently the boat was sold to one Nelson, and, while he was the owner, it was injured while being towed by the defendant Cornell, on the 1st of November, 1871. For these injuries, a suit was brought against Cornell, and a judgment obtained on July 5, 1872, for the full value of the boat, which judgment was afterward paid on or about August 28, 1872. On the 14th of August, 1872, Cornell sold the boat to the defendant Costello, and took back a mortgage for the purchase-price.

Other facts are stated in the opinion.

*Sanders & Baldwin*, for the appellant.

*Benedict, Taft & Benedict*, for the respondents.

GILBERT, J. :

We are of opinion that the appellant's mortgage ceased to be valid as against the respondents, for the reason that the copy thereof which was filed in the office of the auditor of the canal department, September 20, 1871, was not accompanied by a statement exhibiting his interest in the mortgaged property, as required by section 3 of the statute relating to the registry of liens, etc., on canal boats, passed April 28, 1864.*

A copy of the mortgage was first filed September 14, 1870. Another copy, without any statement exhibiting the interest of the mortgagee, was filed September 20, 1871; and another copy, together with the requisite statement, was filed September 14, 1872. The respondents respectively became purchasers on or prior to August 14, 1872. It is urged on behalf of the appellant, that the filing of a copy of his mortgage, September 20, 1871, may, as to subsequent purchasers, be treated as an original filing. The remarks of the learned justice who delivered the opinion of the court, in

* Laws 1864, p. 993.

*Swift* v. *Hart*,[*] would seem to support this view, although, in that case, the mortgage was refiled, with a statement of the mortgagee's interest, before the adverse claim accrued. What would have been the decision of the court, if such refiling had not been accompanied by the requisite statement of the mortgagee's interest, can only be conjectured. I am not aware that the remarks of the learned justice, in *Swift* v. *Hart*, have ever been approved. On the contrary, the subsequent decisions, so far as they bear on this question, seem to be contrary to the views there expressed.[†] These authorities sustain the proposition, that the mortgage must be filed, and that it must be refiled within thirty days of the expiration of a year from the time it was filed, and that if not filed, or if, after having been filed, it is not refiled within the time specified, it ceases to be valid as against creditors generally, and as against *bona fide* purchasers subsequent to the omission to refile. The language of the statute also is too plain to admit of any question. It provides that "every *mortgage filed, etc.*, shall cease to be valid, etc., after the expiration of *one year from the filing thereof*, unless within thirty days next preceding the expiration of *the said term of one year*, a true copy thereof, together with a statement, etc., *shall be again filed.*" This language needs no interpretation. It would be a perversion of it to hold a refiling to be an original filing, and it would, in effect, render inoperative one of the conditions to the validity of the security, viz.: the refiling, with a statement of the mortgagee's interest; and thus the mortgage might be perpetually kept on foot, by virtue of the misnomer of calling a refiling an original filing. It is sufficient to say, that the statute does not permit, but plainly protects creditors and purchasers against, any such evasion of its salutary purpose for preventing fraud. The appellant's mortgage was filed. It was also refiled, but the latter act was not accompanied by the statement of the mortgagee's interest, which the statute requires. By reason of that omission, it "ceased to be valid" as against the respondents, if they were *bona fide* purchasers. That they were such, we think

[*] 12 Barb., 531.

[†] Thompson v. Van Vechten, 5 Abb. Pr., 476; S. C., 27 N. Y., 583; Ely v. Carnley, 19 id., 496; Porter v. Parmley, 52 id., 188; Newell v. Warren, 44 Barb., 265; S. C., 44 N. Y., 248.

is clear. Cornell was sued in trover for the value of the boat, by Nelson the owner. Judgment was recovered against him for such value. He paid the judgment and retained the boat. Immediately afterward, he sold the boat to his co-respondent, and took back a mortgage for part of the price. The payment of the judgment transferred the title of the boat to Cornell, and as such transfer was effected while the mortgage of the appellant was invalid, the title thus acquired could not be effected by the mortgage, unless the transferree had notice of its existence. The uncontradicted evidence disproves notice. And even notice of the existence of the mortgage, without notice of the amount due thereon, would not make the purchase one *mala fides.* * It is begging the question, to say that Nelson's interest in the boat was subject, as between him and the appellant, to the mortgage, and therefore he had no power to transfer any greater interest. The statute which made the mortgage invalid as against the respondents, gave him the power to transfer the boat to them, divested of the lien of the mortgage. That was necessarily the legal effect of the transaction.

The foregoing remarks require an affirmance of the judgment, without adverting to the other questions presented. We shall therefore express no opinion upon them.

The judgment must be affirmed.

Judgment affirmed.

---

\* Beers v. Waterbury, 8 Bosw., 411.